1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALAA ELKHARWILY,

                    Plaintiff,

    v.

KAISER PERMANENTE, et al.,

                    Defendants.

CASE NO. C20-5505 BHS

ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND

13

14

15

16

     This matter comes before the Court on Plaintiff Alaa Elkharwily's ("Plaintiff")
motion to remand.  Dkt. 26.  The Court has considered the pleadings filed in support of
and in opposition to the motion and the remainder of the file and hereby grants the
motion for the reasons stated herein.

17

          **I.   PROCEDURAL AND FACTUAL BACKGROUND**

18

19

20

     On May 1, 2020, Plaintiff filed a complaint against numerous defendants in Pierce
County Superior Court for the State of Washington.  Dkt. 1-2.  Plaintiff alleged that he
was a resident of Washington.  *Id.* ¶ 1.

21

22

     On May 29, 2020, Defendants Bennett Bigelow & Leedom, P.S., Bruce Megard,
and Erin Seeberger ("BBL Defendants") removed the matter to this Court alleging that

Plaintiff is domiciled in and a citizen of Minnesota and asserting diversity jurisdiction. Dkt. 1, ¶ 5.  They also attached numerous exhibits showing that Plaintiff has previously used a Minnesota address and deposition testimony from May 2016 wherein Plaintiff stated that his main residence was in Minnesota.  Dkt. 1-3.

On June 29, 2020, Plaintiff filed a motion to remand and submitted a decration in support of the motion.  Dkts. 26, 26-1.  Plaintiff declares that he is a citizen of and domiciled in Washington since 2016.  Dkt. 26-1 at 1.  He claims that his wife resides at his Minnesota address and that he only uses that address to receive mail.  *Id.* at 2.  He states that he has been a registered voter only in Washington for the last three years.  *Id.* Finally, he submitted his Washington driver's license, Washington voter identification card, and Washington registration for his current vehicle.  *Id.* at 4–8.

On July 20, 2020, the BBL Defendants responded.  Dkt. 48.  On July 24, 2020, Plaintiff replied.  Dkt. 56.

## II.   DISCUSSION

Under 28 U.S.C. § 1441(a), defendants may remove any civil action brought in state court that could have been originally brought in federal court.  Federal courts have original jurisdiction over, *inter alia*, cases where there exists a complete diversity of citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Defendants who remove cases on the basis of diversity jurisdiction must prove, by a preponderance of the evidence, that removal is proper.  *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).  There exists a "strong presumption against removal

1    jurisdiction," which "must be rejected if there is any doubt as to the right of removal in

2    the first instance."  *Id.* (internal quotation omitted); *see also Gaus v. Miles, Inc.*, 980 F.2d

3    564, 566 (9th Cir. 1992) (courts should "strictly construe the removal statute against

4    removal jurisdiction"); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09

5    (1941) ("Due regard for the rightful independence of state governments . . . requires that

6    [federal courts] scrupulously confine their own jurisdiction to the precise limits which [§

7    1441] has defined.").

8          "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of

9    the United States, and (b) be domiciled in a state of the United States."  *Lew v. Moss*, 797

10   F.2d 747, 749 (9th Cir. 1986).  The Ninth Circuit has established several principles to

11   guide the inquiry of where a party is domiciled:

12          First, the party asserting diversity jurisdiction bears the burden of proof . . .
            Second, a person is 'domiciled' in a location where he or she has
13          established a 'fixed habitation or abode in a particular place, and [intends]
            to remain there permanently or indefinitely.' . . . Third, the existence of
14          domicile for purposes of diversity is determined as of the time the lawsuit is
            filed . . . Finally, a person's old domicile is not lost until a new one is
15          acquired . . . A change in domicile requires the confluence of (a) physical
            presence at the new location with (b) an intention to remain there
16          indefinitely." . . . Courts in other jurisdictions have recognized additional
            principles relevant to our present analysis. The courts have held that the
17          determination of an individual's domicile involves a number of factors (no
            single factor controlling), including: current residence, voting registration
18          and voting practices, location of personal and real property, location of
            brokerage and bank accounts, location of spouse and family, membership in
19          unions and other organizations, place of employment or business, driver's
            license and automobile registration, and payment of taxes . . . The courts
20          have also stated that domicile is evaluated in terms of 'objective facts,' and
            that 'statements of intent are entitled to little weight when in conflict with
21          facts.'

22   *Id.*

1    In this case, the BBL Defendants argue that they are entitled to the presumption

2   that Plaintiff was domiciled in Minnesota.  Dkt. 48 at 7 ("Plaintiff has the burden to

3   produce evidence that he changed his domicile (i.e., not just his residence) to

4   Washington.").  They, however, fail to submit uncontested facts establishing Plaintiff's

5   prior domicile in Minnesota and, unlike the defendant in *Lew*, Plaintiff has not conceded

6   a prior domicile.  *See, e.g.*, *Johnson v. Mitchell*, No. CIV S-10-1968-GEB, 2012 WL

7   691765, at *5 (E.D. Cal. Mar. 2, 2012), *order clarified*, No. CIV S-10-1968 GEB, 2012

8   WL 913079 (E.D. Cal. Mar. 16, 2012) ("Simply put, plaintiff cannot shift the burden of

9   production to these defendants on the basis of a presumption as to 'established domicile,'

10  because no such domicile has been established. Instead, in this case, the burden of

11  production, as well as the burden of persuasion, remain squarely on plaintiff.").

12  Therefore, the Court concludes that the BBL Defendants have failed to establish an

13  entitlement to the presumption that Plaintiff was domiciled in Minnesota.

14    Turning to facts relevant to Plaintiff's domicile when he filed this complaint in

15  May, the overwhelming majority of facts demonstrate a domicile in Washington.  While

16  the BBL Defendants point to Plaintiff using his Minnesota address on his original

17  complaint, Plaintiff has amended that address to a Washington address.  Plaintiff has

18  submitted his Washington driver's license and voter registration, which the Court accepts

19  as persuasive evidence of his domicile in Washington.  Plaintiff also explains that he can

20  own property in numerous states, have medical licenses in numerous states, and that

21  some of his banks do not even have branches in Minnesota.  The BBL Defendants fail to

22  submit evidence to undermine these facts and assertions.  Instead, they rely on outdated

evidence and inferences therefrom.  As such, they fail to meet their burden to overcome the strong presumption against removal jurisdiction.  *Geographic Expeditions*, 599 F.3d at 1107.

The BBL Defendants request jurisdictional discovery in the event that the Court is inclined to grant Plaintiff's motion.  Dkt. 48 at 7–8.  The Court declines this request because they may conduct such discovery in Plaintiff's chosen forum and, if that discovery uncovers facts relevant to Plaintiff's domicile, they may remove the matter again.  28 U.S.C. § 1446(b)(3) ("a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

Finally, Plaintiff seeks sanctions for the BBL Defendants' alleged violations of Fed. R. Civ. P. 11 and costs and fees incurred as a result of the improper removal under 28 U.S.C. § 1447(c).  The Court denies both requests because Plaintiff has failed to establish that either recovery is warranted.

## III.  ORDER

Therefore, it is hereby **ORDERED** that Plaintiff's motion to remand, Dkt. 26, is **GRANTED**.  The Clerk shall terminate all pending motions and REMAND this matter to Pierce County Superior Court.

/

/

/

1    Dated this 24th day of September, 2020.

2

3

4                                      _____
                                       BENJAMIN H. SETTLE
                                       United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 6